SOUTHWESTERN SUGAR & MOLASSES CO., Inc. v. ARTEMIS MARITIME CO., Inc., et al.

No. 7336.

United States District Court
E. D. Virginia, Norfolk Division.
July 29, 1950.

**632**

Thus her own revelation at sea of her actual unsoundness refutes the surveys and inspections, and the vigilance of these is denied by the foreseeable, protracted and progressive nature of her debility. Ship and shipowner have not carried the burden of diligence imposed by Carriage of Goods by Sea Act, § 4, 46 U.S.C.A. § 1304, and judgment of liability must go against them.

Let findings, conclusions, and a decree, with the customary reference for damages, be submitted in 10 days.

John W. Oast, Jr., Norfolk, Va., for libellant.

Hughes, Little & Seawell, Norfolk, Va., for respondent.

BRYAN, District Judge.

The Demosthenes arrived in Hampton Roads confessedly an unseaworthy tanker. Through loose rivets in her bottom—at least 65 of them—sea water had leaked into her cargo. A 13-inch crack in a port bow plate, in the way of the chain locker, had helped to put her down by the head during the storm through which she had passed, and jettison of a part of her cargo was ordered to regain steerage.

She urges the storm as the cause. If so, it argues her own unseaworthiness, for the storm, in intensity and duration, was but typical and seasonal. The Demosthenes was vulnerable to the normal wind and water of a voyage for which she was intended.

Fact is the Demosthenes was not seaworthy when she broke ground in Cuba, bound for Norfolk. The leaky rivets were "wasted excessively". The crack opened in a wasted-thin area. These were not weather wounds, but rather weaknesses from wear. It was a deterioration, not trauma. Other chronic defects are shown.